626 P.2d 617

STATE of Arizona, Appellee,

v.

Charles WILLIAMS, Appellant.

No. 1 CA-CR 4469.

Court of Appeals of Arizona,
Division 1,
Department B.

March 3, 1981.

Rehearing Denied March 26, 1981.

Review Denied April 14, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Diane M. Ramsey and Frank Dawley, Asst. Attys. Gen., Phoenix, for appellee.

Paul Hunter, Yuma, for appellant.

## OPINION

JACOBSON, Judge.

In this appeal from his convictions of sexual assault and kidnapping, the defendant claims that the trial court erred when it precluded him from introducing any evidence of his previous sexual encounter with the victim.

The facts necessary for a determination of the issue on appeal reflect that in the early morning hours of August 3, 1979, after an evening date of drinking and socializing with mutual friends, the defendant, Charles Williams, and the victim decided to drive from their hometown of El Centro, California to Yuma, Arizona where they went to a disco bar. When they left to return to El Centro between four and five a. m., the victim fell asleep in the defendant's car but was awakened when defendant pulled into a Yuma motel parking lot. While the defendant was registering, she attempted to leave by walking away from the motel. The appellant grabbed her by the arm and led her to the motel room where he struck her and forcibly had intercourse with her. During the struggle, she kicked out a window, breaking the glass. This caused the motel manager to call the police who arrived a few moments later and heard muffled screams from inside the room. When they knocked on the door the victim, who was nude, attempted to leave

through the broken window. She was pushed back inside by one of the officers while another officer entered the room when the defendant opened the door.

The defendant told the officers that the victim was his wife and they were merely having a family argument. However, when the victim described the sexual assault and said that they were only on a date, the defendant was arrested and eventually convicted of sexual assault and kidnapping in violation of A.R.S. § 13–1406 and § 13–1304(A)(3) respectively, Laws 1978. An allegation of a prior felony conviction was also proven and the defendant was sentenced to two presumptive terms of 10.5 years imprisonment, with the sentences to run concurrently. See A.R.S. § 13–701(B)(1) and A.R.S. § 13–604(B).

Prior to trial, the state filed a motion *in limine* seeking to preclude the defendant from introducing any evidence of an incident in January, 1979, where the victim consented to sexual intercourse with the defendant.

At this hearing, the victim admitted one prior consensual sex act with the defendant, approximately six to eight months prior to the motel incident involved here. The defendant testified he had ten to fifteen sexual contacts with the victim right up to the time prior to the incident giving rise to these charges.

Because the defendant did not claim the defense of consent but denied intercourse at the Yuma motel, the trial court ruled that the prior sexual activity between the defendant and the victim was inadmissible under *State ex rel. Pope v. Superior Court*, 113 Ariz. 22, 545 P.2d 946 (1976). The defendant argued both in the trial court and now on appeal that even though consent was not an issue in the sexual assault charge, the question of whether the victim consented to entering the motel was an issue in the charge of kidnapping with intent to commit sexual assault and therefore evidence of the prior sexual relationship between the parties should be admitted.

■ In our opinion it is necessary to distinguish between the "consent" involved in the two crimes with which the defendant was charged. As to the sexual assault charge it is clear that under *Pope*, prior sexual promiscuity is admissible only when the issue of the victim's consent to the sexual activity is placed in issue. Even then, under circumstances such as presented here, only prior sexual conduct with the defendant is admissible, not general promiscuity. Thus, the trial court was correct insofar as the sexual assault charge was concerned in excluding from evidence the prior sexual activities of the defendant and victim as the defendant never put in issue the consensual nature of the sexual activity.

■ However, the defendant was also charged with a violation of A.R.S. § 13–1304(A)(3), kidnapping with intent to commit a sexual assault. This statute, as pertinent here, provides:

A. A person commits kidnapping by knowingly restraining another person with *intent* to

\* \* \* \* \* \*

3. Inflict . . . a sexual offense on the victim. (Emphasis added.)

Pursuant to this statute the jury was correctly instructed that in order to find the defendant guilty it had to find that he "knowingly restricted another person's movement" and that the "restriction was with the intent to inflict . . . a sexual assault on the person."

The evidence disclosed numerous occasions on which the defendant restricted the victim's movements, including an incident in the parking lot when the victim woke up, attempted to leave and the defendant grabbed her and forced her into the motel room. We are unable to determine from the jury's verdict which incident of restriction gave rise to the guilty verdict of kidnapping. However, the parking lot incident could have sustained the jury's verdict if at that time the jury also found that the defendant had the necessary intent to commit a sexual assault. This intent, of course, is subjective, which the jury is allowed to

ascertain by the defendant's prior, concurrent and subsequent objective conduct. 2 Weinstein's Evidence ¶ 404[12]. It is in this context that *Pope* specifically holds that:

Reputation evidence concerning unchastity may also be relevant ... where the subjective intent of the assailant is an element of the crime.

113 Ariz. at 29, 545 P.2d at 953.

Evidence is relevant not only when it tends to prove a material fact, but also when it tends to disprove a material fact. Rule 401, Arizona Rules of Evidence. This evidence of the prior sexual conduct between these parties[1] is relevant here not because it tends to prove "consent" of the victim in entering the motel room, but because it tends to disprove that at that time the defendant acted with the subjective *intent* to commit a non-consensual act (sexual assault).

We find the fact that the defendant testified that he took the victim to his room for the purpose of resting and not to have intercourse to be consistent with the right of the defendant to have the jury consider he did not intend to enter the motel to commit a sexual assault.

We therefore hold the trial court committed reversible error in refusing to admit evidence of the prior sexual conduct of the parties insofar as it related to the kidnapping charge. As previously pointed out, this error is not relevant to the sexual assault charge.

The judgment and sentence as to the sexual assault charge are affirmed. The judgment and sentence as to the kidnapping charge are reversed and this count is remanded for a new trial.

HAIRE, P. J., and EUBANK, J., concur.

---

1. We do not have before us and therefore do not decide whether the general reputation of unchastity of the victim with persons other than the defendant would be admissible under these circumstances.